# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.V. HOMES INC., | : | |
|    *Plaintiff*, | : | CIVIL ACTION |
| | : | NO. 20-2984 |
| v. | : | |
| | : | |
| STEVE A. FREMPONG and | : | |
| AGNES FREMPONG, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**JONES, II    J.**                                                                  **March 12, 2021**

Presently before the Court is the *pro se* Petition of Steve A. Frempong for Leave of Court to File Notice of Removal. (ECF No. 2 at 3–8.) Also pending is the Frempongs' Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant the Motion for Leave of Court to File Notice of Removal and the Motion for Leave to Proceed *In Forma Pauperis*, but will remand this case back to the Philadelphia County Court of Common Pleas.

## I.    FACTUAL BACKGROUND[1]

### A.    The Injunction

This court has previously enjoined Frempong from filing any new action or proceeding without first obtaining leave of court. The Third Circuit Court of Appeals affirmed the injunction as follows:

> The United States District Court for the Eastern District of Pennsylvania enjoins Stephen Frempong-Atuahene, or any entity acting on his behalf, from filing any new action or proceeding in this

---

[1] The facts set forth in this Memorandum are taken from the Frempongs' Notice of Removal and the attachments thereto. The Court adopts the pagination assigned by the CM/ECF docketing system.

> Court, without first obtaining leave of Court. Leave of Court will be granted upon Frempong-Atuahene certifying on pain of contempt, in a properly filed petition, that the proposed claims: (1) are being raised for the first time; (2) are not barred by claim or issue preclusion; (3) are not repetitive or violative of a court order; (4) are based on stated facts that he believes to be true; (5) are not, to his knowledge, foreclosed by controlling law; and (6) in all respects comply with the requirements specified in Rules 8 and 11 of the Federal Rules of Civil Procedure. Upon a failure to certify or upon a false certification, Frempong-Atuahene may be found in contempt of Court and punished accordingly. The Court orders Frempong-Atuahene to attach a copy of this Order and Injunction to any such petition for leave of Court; and it is further ordered that the Clerk of Court refuse to accept any submissions for filing except petitions for leave of Court and notices of appeal, unless such submissions for filing are accompanied by an order of Court granting leave.

*Frempong-Atuahene v. City of Philadelphia, et al.*, No. 00-1127 (3d Cir. July 16, 2001). A copy of that Order is attached to Frempong's Petition for Leave to File Notice of Removal, as required. (ECF No. 2 at 6–8.) The Petition also includes the requisite certifications specified in the Order. (*Id.* at 3–4.)

### B. The State Court Action

The state court complaint at issue was filed in the Court of Common Pleas of Philadelphia County on or about August 5, 2019 and docketed at No. 190800206. (*Id.* at 10.) The Frempongs claim they became aware of it on or about February 12, 2020. (*Id.*) They sought to remove the action to this Court on March 17, 2020. (*Id.* at 1.)[2] The complaint, which asserts claims for ejectment and trespass, seeks to remove the Frempongs from their residence of thirty (30) years following a tax sale of the property. (*Id.* at 10.) The Frempongs seek to remove the action pursuant to 28 U.S.C. § 1441 and allege jurisdiction under §§ 1331 and 1332. (*Id.* at 11.)

---

[2] Because of delays related to the COVID-19 pandemic, this case was not filed until May 8, 2020.

2

They allege that the ejectment action amounts to an unconstitutional deprivation of their property by the City of Philadelphia, in violation of 42 U.S.C. §§ 1982 and 1985.  (*Id.* at 10–11.)

A copy of the state court complaint is attached to the Notice of Removal.  (*Id.* at 16–19.) Plaintiff therein is identified as GV Homes, Inc., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Newtown, Pennsylvania.  (*Id.* at 16.)  The named defendants are the Frempongs, alleged to have been residing in the subject property in Philadelphia, Pennsylvania, and John Does, alleged to have been unlawfully residing in the subject property.  (*Id.* at 17.)  The complaint alleges that GV Homes acquired fee simple legal title to the property through a Real Estate Tax Lien Sale conducted on December 19, 2017, pursuant to a Decree of the Court of Common Pleas of Philadelphia County, January Term, 2015, No. 3664.  The complaint also alleges that GV Homes acquired fee simple legal title to the property by Sheriff's Deed dated January 25, 2018, which was recorded in Philadelphia on February 23, 2018 in Deed Book No. 1708, Writ No. 2012, Document ID No. 53331428.  (*Id.*)  The complaint further alleges that the defendants were then unlawfully occupying the property without permission and without any legal or equitable right, and that no landlord-tenant relationship existed requiring notice to the defendants to quit or vacate the property.  (*Id.* at 17–18.)  Based on those alleged facts, the complaint seeks possession of the property and damages as a result of the defendants' continuing trespass on the property. (*Id.* at 18.)

## II.   DISCUSSION

### A.   Motions for Leave to File and for Leave to Proceed *In Forma Pauperis*

Frempong has satisfied the requirements of the injunction issued by this Court and affirmed by the Court of Appeals.  Specifically, he has attached a copy of the injunction to his Petition and has certified that the claims asserted in the Notice of Removal are being raised for the first time, are not barred by claim or issue preclusion, are not repetitive or violative of any court order, are not, to Frempong's knowledge, foreclosed by controlling law, are based on facts Frempong believes to be true, and in all respects comply with the requirements of Rules 8 and 11 of the Federal Rules of Civil Procedure.  Given Frempong's adherence to the terms of the injunction, this Court will grant the Petition and permit filing of the Notice of Removal.

In addition, the Court will grant the Frempongs leave to proceed *in forma pauperis*, as it appears they are incapable of paying the fees to commence this civil action.

### B.   Removal to this Court is Improper

The removal of cases to federal court is governed by 28 U.S.C. § 1441.  In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The court has an obligation to satisfy itself that it has subject matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).  The removing party bears the burden of establishing the existence of subject matter jurisdiction.  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The removal statutes 'are to be strictly construed against removal and all doubts

4

should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

In removal cases, the existence of federal question jurisdiction under 28 U.S.C. § 1331 is usually determined under the well-pleaded complaint rule, which provides that federal question jurisdiction is established when a federal question is presented on the face of a properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). The well-pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., LLC*, Civ. A. No. 07-3656, 2007 WL 3170121, at *2 (D.N.J. Oct. 26, 2007) (citing *Caterpillar*, 482 U.S. at 392). "Under the well-pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 293 (3d Cir. 2005). Moreover, the Supreme Court has made clear that for purposes of determining removal jurisdiction under the "well-pleaded complaint rule," federal question jurisdiction is determined without any reference to federal claims raised in an answer or defense to the complaint. *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Here, review of the state court complaint makes clear that it states no federal question, but alleges only actions in ejectment and trespass, which are unquestionably state law claims. In

their Notice of Removal, the Frempongs assert that this action involves an attempt to deprive them of their property without due process of law, and that the seizure of the property implicates racial animus, all in violation of 42 U.S.C. §§ 1981, 1982, and 1985.  (ECF No. 2 at 10–11.) However, these claims challenge the foreclosure action, not the ejectment or trespass actions. Moreover, these constitute defenses to the underlying state action, and the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a complaint, but only on the claims asserted in the complaint itself.  As such, the Frempongs have failed to establish a basis for removing this action to federal court based upon federal question jurisdiction.

The Frempongs have also failed to allege facts that would support predicating removal on diversity of citizenship pursuant to 28 U.S.C. § 1332.  That statute grants district courts jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).   A corporation is the citizen of every state in which it has been incorporated and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c).

Although the Frempongs allege that the underlying plaintiff did not establish its citizenship, review of the state court complaint reveals that GV Homes is organized under the laws of the Commonwealth of Pennsylvania, and maintains a principal place of business in Newtown, Pennsylvania. (ECF No. 2 at 16.) The Frempongs, too, are alleged to be residents of Pennsylvania and, therefore, diversity of citizenship is lacking. (*Id.* at 17.)

Because the Frempongs have failed to demonstrate a proper jurisdictional basis for removal of this action, the Court lacks subject matter jurisdiction, and the case must be remanded. *See Fed. Nat'l Mortg. Ass'n v. Allen*, Civ. A. No. 2:13-483, 2013 WL 5146201, at *2–5 (W.D. Pa. Sept. 13, 2013).

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Steve A. Frempong's Petition for Leave of Court to File and the Frempongs' Motion for Leave to Proceed *In Forma Pauperis*, and will summarily remand this action to the Court of Common Pleas of Philadelphia County for further proceedings.

An appropriate order follows.

BY THE COURT:

/s/ C. Darnell Jones, II  
C. Darnell Jones, II     J.